UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE OF MICHIGAN and
MICHIGAN ECONOMIC DEVELOPMENT
CORPORATION,

       Plaintiffs,                        Case No. 5:05-cv-95

v                                                  Hon. Wendell A. Miles

LITTLE RIVER BAND OF OTTAWA
INDIANS and LITTLE TRAVERSE BAY
BANDS OF ODAWA INDIANS,

       Defendants.
_____/

**ORDER DENYING MOTION TO COMPEL
AND STRIKING PORTION OF EXPERT REPORT**

Pending before the court is a motion by plaintiffs to compel production of certain documents regarding the financial status of defendants Little River Band of Ottawa Indians (LRB) and Little Traverse Bay Band of Odowa Indians (LTBB) (docket no. 179). The motion is based on plaintiffs' contention that this evidence is "important to rebut the Tribes' apparent argument that operation of the game 'Club Keno' by the Michigan State Lottery has reduced the revenue or profits of their casinos." Plaintiffs' motion at 2; Plaintiffs' Brief at 2.

The issue in this case is whether Club Keno is a "commercial casino game" within the meaning of the exclusivity provision in the gaming compacts between the parties. Notwithstanding that both parties agree that the question of whether or not Club Keno has actually had some financial impact on the tribal casinos is irrelevant to a resolution of this matter, plaintiffs

1

argue that because the question of financial impact has been previously alluded to in this case by defendants ("solely for its emotional value", plaintiffs' brief at footnote 3), plaintiffs ought to be able to discover whether or not the Tribes have suffered any financial impact.

At the hearing, the Tribes represented unequivocally to the court:

A. That they will not argue or otherwise raise an issue of whether Club Keno has reduced the revenues of the Tribes' gaming operations;

B. That whether or not Club Keno is a "commercial casino game" does not depend upon whether Club Keno has had or may have an impact on the Tribes' gaming revenues;

C. That they concede that plaintiffs need not disprove any such impact in order to prevail in this litigation; and

D. That they agree to withdraw from the report of their expert, Michael Jones, the last 8 pages pertaining to a survey which are captioned "What is the Relationship Between Club Keno and Casino Play?", and will not attempt to introduce this portion of the report into evidence at trial.

Based upon these binding representations by defendants' counsel, I find that the question of the financial impact of Club Keno on the tribal casinos, if any, will not be raised by the defendants and is not relevant to any claim or defense of any party, and is therefore not subject to discovery. Fed.R.Civ.Proc. 26(b)(1). Whether or not the parties or the court may have discussed the financial impact of Club Keno, if any, at some earlier point in this case does not transform a subject which was, and remains, irrelevant, into something relevant and subject to discovery.

Accordingly, for these and other reasons more fully stated on the record at the hearing held March 5, 2007, the last 8 pages of Mr. Jones' report discussed above are hereby STRICKEN

effective immediately, and plaintiffs' motion to compel discovery (docket no. 179) is DENIED.

        IT IS SO ORDERED.


Dated:  March 8, 2007             /s/ Hugh W. Brenneman, Jr.
                                          Hugh W. Brenneman, Jr.
                                          United States Magistrate Judge