UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| STATE OF MICHIGAN and MICHIGAN ECONOMIC DEVELOPMENT CORPORATION,<br><br>   Plaintiffs/Counter-Defendants,<br><br>v.<br><br>LITTLE RIVER BAND OF OTTAWA INDIANS and LITTLE TRAVERSE BAY BANDS OF ODAWA INDIANS,<br><br>   Defendants/Counter-Plaintiffs,<br><br>v.<br><br>MICHIGAN STRATEGIC FUND,<br><br>   Counter-Defendant. | Case No. 5:05CV0095<br><br>Hon. Wendell A. Miles<br><br>**FINAL JUDGMENT** |

**FINAL JUDGMENT**

In its Opinion and Order dated April 27, 2007, the Court granted the Motion for Judgment on the Pleadings Or, Alternatively, for Summary Judgment of Plaintiff/Counter-Defendants State of Michigan (the "State") and Michigan Economic Development Corporation ("MEDC").

In accordance with that Opinion and Order, and based on the Stipulation For Entry and Stay of Judgment executed by the parties on June 18, 2007, the Court hereby enters a Final Judgment in favor of the State and the MEDC and against the Defendant Tribes – the Little River Band of Ottawa Indians ("LRB") and the Little Traverse Bay Bands of Odawa Indians ("LTBB") – as follows:

THE COURT HEREBY DECLARES, for the reasons set forth in its April 27, 2007 Opinion and Order, that the Defendant Tribes have violated and are currently in violation of their respective Class III Gaming Compacts ("Gaming Compacts") with the State for failure to make the 8% payments to the Michigan Strategic Fund ("MSF") required by those Compacts.

THE COURT FURTHER DECLARES that any class III gaming conducted while such payments remain unpaid was and is a violation of the Gaming Compacts entitling the State, pursuant to 25 U.S.C § 2710(d)(7)(A)(ii), to an order enjoining, subject to the conditions set forth below, any such class III gaming activity.

IT IS FURTHER ORDERED AND ADJUDGED

1. Judgment is entered in favor of the MEDC and against Defendant LTBB in the amount of $13,586,193.43 which amount the parties have stipulated represents the total amount of 8% payments due and payable under the Court's decision by LTBB to the MSF to the date of judgment. This amount is subject to adjustment as a result of subsequent audits conducted by the State pursuant to authority granted by the gaming compacts, in which case the parties may apply to the Court for an amendment of the judgment amount, including corresponding adjustments to prejudgment and post-judgment interest.

2. The MEDC is further awarded prejudgment interest to the date of this Judgment in the amount of $718,486.52 against Defendant LTBB.

3. Judgment is entered in favor of the MEDC in the amount of $28,936,190.48 against Defendant LRB, which amount the parties have stipulated represents the total amount of 8% payments due and payable under the Court's decision from LRB to the MSF to the date of judgment. This amount is subject to adjustment as a result of subsequent audits conducted by the State pursuant to authority granted by the gaming compacts, in which case the parties may apply

to the Court for an amendment of the judgment amount, including corresponding adjustments to prejudgment and post-judgment interest.

4. The MEDC is further awarded prejudgment interest to the date of this Judgment in the amount of $1,533,502.82 against Defendant LRB.

5. The State and the MEDC are further awarded costs to be taxed pursuant to 28 U.S.C. § 1920.

6. Defendant/Counter-Plaintiff LTBB's Counterclaim is dismissed in its entirety, with prejudice.

7. THE COURT FURTHER ORDERS that if, within 5 business days of the entry of this Judgment, LTBB deposits $14,304,679.95 into the Court Registry and if LTBB deposits all future 8% payments that, under the Court's decision, become due and owing under its Class III Gaming Compact, into the Court Registry, all execution on and/or enforcement of this Judgment against LTBB will be stayed. Should LTBB fail to deposit the funds as set forth in the immediately preceding sentence, or to diligently prosecute its appeal in this matter: (i) the MEDC shall be entitled to prompt execution on the Judgment against LTBB in the amount set forth in paragraphs 1 and 2 herein, including execution against the State-LTBB Registry account and to payment of post-judgment interest at the rate set forth in and as required by 28 U.S.C. § 1961, (ii) the MEDC and/or the MSF or its successor shall be entitled to an order directing payment of any remaining funds in the State-LTBB Registry account to the MSF or its successor, and subject to the terms of the Interlocal Agreement effective April 5, 1999 between local participating economic development corporations formed under the Economic Development Corporations Act, 1974 PA 338, *Mich. Comp. Laws* §§ 125.1601-1636 and the MSF, to the MEDC, and (iii) the State shall be entitled to an order, as provided for by 25 U.S.C. §

2710(d)(7)(A)(ii), enjoining all class III gaming operated by LTBB.  If LTBB pays all funds into the Court Registry as required by this paragraph of the Judgment, the stay shall remain in effect until all appellate processes and any additional trial court proceedings have been exhausted.  At such time, if the litigation concludes with judgment remaining in favor of the State and the MEDC, the total sum of money contained in the State-LTBB Registry account will be conveyed to the MSF or its successor and, subject to the terms of the Interlocal Agreement effective April 5, 1999 between local participating economic development corporations formed under the Economic Development Corporations Act, 1974 PA 338, *Mich. Comp. Laws* §§ 125.1601-1636 and the MSF, to the MEDC.  In that instance, the interest accrued in the State-LTBB Registry account, less any fees or expenses associated with that account, will constitute the additional interest due pursuant to this Judgment and/or any subsequent judgment entered after remand (beyond the pre-judgment interest provided for in this Judgment), in lieu of any interest otherwise provided for by law, including pursuant to 28 U.S.C. § 1961.  Should this litigation, once all appellate processes and any additional trial court proceedings have been exhausted, conclude with a judgment in favor of LTBB, the total sum of money contained in the State-LTBB Registry account at that point will be conveyed to LTBB.  In that instance, the interest accrued in the State-LTBB Registry account, less any fees or expenses associated with that account, will satisfy any claim LTBB may have for interest (with the exception of any claim for interest that might arise if LTBB were to successfully appeal the denial of its counterclaim), damages for loss of use of the funds or costs of an appeal bond.

      8.     THE COURT FURTHER ORDERS that all funds deposited into the registry of the Court by LTBB pursuant to this Order will initially be deposited with Fifth Third Bank by the Court administrator for investment in U.S. Treasury bills with 91 day maturities.  Thereafter,

the funds, and any interest or other earnings thereon, will be invested in U.S. Treasury bills purchased through Fifth Third Bank by the Court administrator as directed in written instructions signed by authorized representatives of the State, the MEDC and LTBB.  If no such written instructions are received by the Court administrator, at maturity of the U.S. Treasury bills in which the funds are invested, the funds will be reinvested in U.S. Treasury bills with the same maturity as directed in the last written instruction signed by the State, the MEDC and LTBB and received by the Court administrator, or if no such written instructions have ever been received by the Court administrator, the funds will be reinvested in U.S. Treasury bills with 91 day maturities until such time as the Court administrator receives signed written instructions from the State, the MEDC and LTBB as provided herein.

9. THE COURT FURTHER ORDERS that if, within 5 business days of the entry of this Judgment, LRB deposits $30,469,693.30 into the Court Registry and if LRB deposits all future 8% payments that, under the Court's decision, become due and owing under its Class III Gaming Compact, into the Court Registry, all execution on and/or enforcement of this Judgment against LRB will be stayed.  Should LRB fail to deposit the funds as set forth in the immediately preceding sentence, or to diligently prosecute its appeal in this matter: (i) the MEDC shall be entitled to prompt execution on the Judgment against LRB in the amount set forth in paragraphs 3 and 4 herein, including execution against the funds in the State-LRB Registry account and to payment of post judgment interest at the rate set forth in and as required by 28 U.S.C. § 1961, (ii) the MEDC and/or the MSF shall be entitled to an order directing payment of any remaining funds in the State-LRB Registry account to the MSF, and subject to the terms of the Interlocal Agreement effective April 5, 1999 between local participating economic development corporations formed under the Economic Development Corporations Act, 1974 PA 338, *Mich.*

*Comp. Laws* §§ 125.1601-1636 and the MSF, to the MEDC, and (iii) the State shall be entitled to an order, as provided for by 25 U.S.C. § 2710(d)(7)(A)(ii), enjoining all class III gaming operated by LRB.  If LRB pays all funds into the Court Registry as required by this paragraph of the Judgment, the stay shall remain in effect until all appellate processes and any additional trial court proceedings have been exhausted.  At such time, if the litigation concludes with judgment remaining in favor of the State and the MEDC, the total sum of money contained in the State-LRB Registry account will be conveyed to the MSF and, subject to the terms of the Interlocal Agreement effective April 5, 1999 between local participating economic development corporations formed under the Economic Development Corporations Act, 1974 PA 338, *Mich. Comp. Laws* §§ 125.1601-1636 and the MSF, to the MEDC.  In that instance, the interest accrued in the State-LRB Registry account, less any fees or expenses associated with that account, will constitute the additional interest due pursuant to this Judgment and/or any subsequent judgment entered after remand (beyond the pre-judgment interest provided for in this Judgment), in lieu of any interest otherwise provided for by law, including pursuant to 28 U.S.C. § 1961.  Should this litigation, once all appellate processes and any additional trial court proceedings have been exhausted, conclude with a judgment in favor of LRB, the total sum of money contained in the State-LRB Registry account at that point will be conveyed to LRB.  In that instance, the interest accrued in the State-LRB Registry account, less any fees or expenses associated with that account, will satisfy any claim LRB may have for interest, damages for loss of use of the funds or costs of an appeal bond.

      10.    THE COURT FURTHER ORDERS that all funds deposited into the registry of the Court by LRB pursuant to this Order will initially be deposited with Fifth Third Bank by the Court administrator for investment in U.S. Treasury bills with 91 day maturities.  Thereafter, the

funds, and any interest or other earnings thereon, will be invested in U.S. Treasury bills purchased through Fifth Third Bank by the Court administrator as directed in written instructions signed by authorized representatives of the State, the MEDC and LRB. If no such written instructions are received by the Court administrator, at maturity of the U.S. Treasury bills in which the funds are invested, the funds will be reinvested in U.S. Treasury bills with the same maturity as directed in the last written instruction signed by the State, the MEDC and LRB and received by the Court administrator, or if no such written instructions have ever been received by the Court administrator, the funds will be reinvested in U.S. Treasury bills with 91 day maturities until such time as the Court administrator receives signed written instructions from the State, the MEDC and LRB as provided herein.

IT IS SO ORDERED.

Dated: ___June 18___, 2007

/s/ Wendell A. Miles
_____
Honorable Wendell A. Miles
United District Court
Western District of Michigan

JUDGMENT SUBMITTED FOR ENTRY:

By: ___s/ James E. Riley_____     Dated: June 18, 2007
        rileyje@michigan.gov
Michael A. Cox, Attorney General
James E. Riley (P23992), Assistant Attorney General
Todd B. Adams (P36819), Assistant Attorney General
Attorneys for Plaintiff/Counter-Defendant State of Michigan
Environment, Natural Resources and Agriculture Division
P.O. Box 30755
Lansing, MI 48909
(517) 373-7540

By: ___s/ Kevin J. Moody_____   Dated: June 18, 2007
        moody@millercanfield.com
Miller, Canfield, Paddock and Stone, p.l.c.
Carl H. von Ende (P21867)
Kevin J. Moody (P34900)
Louis B. Reinwasser (P37757)
Attorneys for Plaintiff/Counter-Defendant Michigan Economic
Development Corporation
One Michigan Avenue, Suite 900
Lansing, MI  48933-1609
(517) 487-2070


By: ___s/ Matthew H. Rick_____   Dated: June 18, 2007
rickm2@michigan.gov
Michael A. Cox, Attorney General
Matthew H. Rick (P44299), Assistant Attorney General
Attorneys for Counter-Defendant Michigan Strategic Fund
State Operations Division
P.O. Box 30754
Lansing, MI 48909
(517) 373-1162


JUDGMENT AGREED AS TO FORM ONLY:

By: ___s/ Riyaz A. Kanji_____   Dated: June 18, 2007
        rkanji@kanjikatzen.com
Kanji & Katzen, P.L.L.C.
Riyaz A. Kanji (P60296)
Attorneys for Defendant/Counter-Plaintiff LTBB and Defendant LRB
101 North Main Street, Suite 555
Ann Arbor, MI 48104
(734) 769-5400

8